894 F.2d 1336
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pamela K. HAHN and Dianne L. Booth, Plaintiffs-Appellants,
v.
ST. MARYS POLICE DEPARTMENT and City of St. Marys,
Defendants-Appellees.
 No. 89-3351.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Pamela Hahn and Dianne Booth appeal the District Court's grant of summary judgment on their claims brought under the Equal Pay Act (EPA) and 42 U.S.C. Sec. 1983 for gender-based discriminatory treatment and payment. Appellants, who work for appellee St. Marys Police Department in the City of St. Marys, Ohio, alleged that they were paid a lower wage and given less favorable working assignments than a male counterpart. For the reasons stated below, we AFFIRM the District Court's judgment.
 
 
 2
 Appellants are both civilian police dispatchers with the St. Marys Police Department. All dispatchers hired since 1979, when the present requirements for the position were established, have been female. The only dispatcher still employed who was hired prior to 1979 is a male, James Holtzhauer. Before July 2, 1986 all female civilian dispatchers were salaried at Pay Grade 12, while Holtzhauer was salaried at Pay Grade 13. A collective bargaining agreement equalized the pay for all dispatchers after July 2, 1986. The Chief of Police, George Henderson, explained that the difference in pay was to compensate Holtzhauer for "longevity" with the Department. Normally, the steps within each pay grade are intended to compensate for longevity. However, Henderson recommended that Holtzhauer be given a promotion to Pay Grade 13 because he had not received a step increase for quite some time. In all other occupations within the Department, when a person attains the top step (step 5) within a grade, they remain there, receiving only cost of living increases until the Department, with the approval of the city, moves the entire group to the next Pay Grade.
 
 
 3
 In addition to this difference in pay, appellants also contend that the male dispatcher was given preferential treatment in the hours he works and the duties he performs. Since 1979, the job of dispatcher has required the ability to type. Holtzhauer does not type and, as the Chief of Police explained, he was "grandfathered" into the position and has not been required to learn to type. Holtzhauer's hours are also different from those of appellants. He works straight days, with weekends off. All other dispatchers, however, are required to rotate shifts among themselves, oftentimes working overnight. Appellants maintain that the only difference between the two jobs is that the male dispatcher does the monthly accounting, although this does not require any skill not possessed by the female dispatchers and, in fact, they create the logs and records from which the accounting is done.
 
 
 4
 Appellants attempted to obtain a remedy for this allegedly inequitable treatment within the Department. Having no success, they filed suit in federal district court, claiming that appellees' employment practices violated the Equal Pay Act, 29 U.S.C. Sec. 206(d) as enforced through the Fair Labor Standards Act of 1938, 29 U.S.C. Sec. 201, et seq., because they were paid less than the male employee for doing essentially the same work. They also argued in a claim brought under 42 U.S.C. Sec. 1983, that appellees violated their right to equal protection. The District Court granted summary judgment for appellees and dismissed both claims. It found that appellants had presented a prima facie case under section 1983 when it showed that the sole male employee was assigned to the day shift while all female employees were assigned to the other, less desirable shifts. Appellees offered as a nondiscriminatory explanation the fact that since 1968 the senior dispatcher has always been given the day shift and because the nature of the position makes it necessary to have only one person fill it to maintain continuity during regular business hours. The District Court ruled that appellants did not present any evidence that this explanation was a mere pretext for discrimination and granted summary judgment for appellees.
 
 
 5
 The court also held that appellants established a prima facie case under the EPA, but ultimately concluded that the reason for the male's pay increase was to compensate for his longevity with the department and that appellants failed to "set forth facts from which a jury could determine that the reason articulated is pretextual." It accordingly granted summary judgment on the EPA claim.
 
 
 6
 Claims under the EPA and section 1983 are subject to different burdens of proof and different standards in the context of summary judgment. Therefore, each claim is addressed separately.
 
 A. Equal Pay Act Claim
 
 7
 Under the EPA, once a plaintiff establishes a prima case of gender-based discrimination in terms of compensation, the defendant has the burden of proving that the difference in pay is due to a factor other than the plaintiff's sex. Corning Glass Works v. Brennan, 417 U.S. 188 (1974). Because nongender-based explanations for different treatment are affirmative defenses under the EPA, the defendant shoulders the burden of proof. Merely asserting a plausible nongender-based explanation is not sufficient. "It is well-known that when asserting an exception under [the EPA], '[t]he burden [on the employer] of proving that a factor other than sex is the basis for a wage differential is a heavy one." ' EEOC v. Whitin Mach. Works, Inc., 635 F.2d 1095, 1098 (4th Cir.1980) (quoting Brennan v. Owensboro-Daviess County Hospital, 523 F.2d 1013, 1031 (6th Cir.1975), cert. denied, 425 U.S. 973 (1976)). Under Celotex Corp. v. Catrett, 477 U.S. 317 (1986),
 
 
 8
 If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence--using any of the materials specified in Rule 56(c)--that would entitle it to a directed verdict if not controverted at trial.
 
 
 9
 Id. at 331 (Brennan, J., dissenting) (emphasis in original). Thus, in the context of summary judgment in an EPA claim, because the defendant has the burden of persuasion at trial with respect to showing a nongender-based explanation for pay differentials, upon a motion for summary judgment the defendant has the burden of presenting evidence that would be sufficient to support a directed verdict if not refuted at trial.
 
 
 10
 The District Court failed to hold appellees to the appropriate burden of proof in granting summary judgment. It held that "defendants must articulate a legitimate nondiscriminatory reason" for the male dispatcher's pay increase.[1] It then held that appellees met this burden by asserting longevity as a reason for the difference in pay:
 
 
 11
 Defendants have articulated that the legitimate reason for Holtzhauer's 1979 pay increase was his 20 years of service in the department combined with the fact that he had not had a step increase in five years. Defendants have met their burden of showing a nondiscriminatory reason for Holtzhauer's pay increase.
 
 
 12
 The District Court continued to say that "[p]laintiffs must set forth specific facts from which a jury could determine that the reason articulated is pretextual."
 
 
 13
 We agree with appellants that the District Court failed to apply the correct burden of proof in granting summary judgment on appellants' EPA claim. Rather than requiring appellants to rebut the explanation articulated by appellees, appellees should have been held to the standard of proving that longevity was the basis for the pay differential. The District Court thus erred by applying the wrong standard in granting summary judgment.
 
 
 14
 Although the District Court erred, however, we find that it was harmless because there was no genuine issue of material fact with regard to the question of longevity as the basis for the salary difference. Even though appellants need not refute appellees' contention about longevity, they must still show that there is a genuine issue for trial. After careful review of the record, we do not find any evidence that Holtzhauer's salary increase was not for longevity.
 
 
 15
 The record reveals that Holtzhauer's pay increase was to compensate him for longevity because he had not been given a step increase in several years. Appellants' EPA claim must be dismissed on summary judgment not because they failed to show that this explanation was a pretext for discrimination as the District Court held, but rather because there was simply no genuine issue presented by appellants' proofs. See Celotex, 477 U.S. at 325 (moving party can meet its burden of no genuine issue of material fact "by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case"). Appellees met their burden of proving a nondiscriminatory basis for the pay differential. Although the District Court characterized it as "articulating a legitimate nondiscriminatory reason and improperly analyzed it under the incorrect standard (i.e., Title VII), the absence of evidence in the record shows that there was no genuine issue of material fact on the question. In effect, appellees did prove (as opposed to merely "articulated") a nondiscriminatory reason for the difference in pay as the EPA requires. Therefore, we hold that summary judgment was properly granted, albeit on grounds other than those given by the District Court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) ("[a] decision below must be affirmed if correct for any reason, including a reason not considered by the lower court"); Herm v. Stafford, 663 F.2d 669, 684 (6th Cir.1981) ("[a]n appellate court can find an alternative basis for concluding that a party is entitled to summary judgment and ignore any erroneous basis relied upon by the district court ...").
 
 B. Section 1983 Claim
 
 16
 In a disparate treatment suit under section 1983,
 
 
 17
 A plaintiff carries the burden of establishing a prima facie case. ... If she establishes a prima facie case, the defendant must then articulate a nondiscriminatory reason for its actions. ... If the employer does this, the burden is again on the plaintiff to prove that the articulated reason was pretextual and not the true reason, either by showing that a discriminatory reason was the more likely motivation, or by showing that the articulated reason is unworthy of belief.
 
 
 18
 Mills v. Ford Motor Co., 800 F.2d 635, 637 (6th Cir.1986) (citation omitted). In the present appeal, appellants established a prima facie case of disparate treatment in that the hours worked by Holtzhauer and the female dispatchers were inequitable. The employer articulated a nondiscriminatory reason for this inequity by explaining that the day shift always went to the dispatcher with the most seniority, which in this case was Holtzhauer. The District Court found that from 1968 to 1973, a woman, Dorothy Shelby, occupied that position. During her tenure, several male dispatchers worked under her and were required to work the same swing shifts which appellants complain of in this appeal. When she left in 1973, Holtzhauer was assigned the position. When the Chief of Police took office in 1979, he continued the prior practice of giving the day shift to the senior-most dispatcher. The court concluded that based on the undisputed facts, the shift assignment practice that resulted in the apparent inequity has been evenly applied since 1968 based on seniority alone and without regard to sex.
 
 
 19
 Additionally, appellees claimed that good business judgment requires that only one person be assigned to the day shift. That person serves as secretary to the Chief of Police, carries on daily administrative duties associated with the job, and greater efficiency and continuity is afforded by having only one person responsible for the position.
 
 
 20
 Because appellees articulated a nondiscriminatory reason for the disparate treatment, appellants were faced with the burden of proving that the reason was pretextual. The District Court examined the documents which appellants asserted shows that the explanation was pretextual and found that they at most showed that some members of the police department did not agree on how dispatchers should be scheduled for greatest efficiency. The evidence was not, however, sufficient to prove that appellees' articulated nondiscriminatory reason was a pretext. Upon review of the record, we agree with the District Court's judgment. None of the deposition testimony appellants cite indicates that the proffered nondiscriminatory rationale for having Holtzhauer assigned to the day shift was pretextual. The District Court appropriately granted summary judgment for appellees on appellants' section 1983 claim.
 
 
 21
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 [1]
 It is important to note that in engaging in this analysis under the EPA, the District Court explicitly said that it was "[a]pplying the Title VII analytical framework" for proving discriminatory treatment. Although it is true that "a claim of unequal pay for equal work is essentially the same under both the Equal Pay Act and Title VII," Odomes v. Nucare, Inc., 653 F.2d 246, 250 (6th Cir.1981), it is equally true that the burden of proof differs between them. Compare Celotex, 477 U.S. 317 (EPA claim) with Black v. City of Akron, Ohio, 831 F.2d 131 (6th Cir.1987) (Title VII claim)